UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

```
UNITED STATES OF AMERICA,

                Plaintiff,

         - against –
                                                    Civil No. _____
$560,000.00 in U.S. Currency,

                Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - -X
```

VERIFIED COMPLAINT FOR FORFEITURE

Plaintiff, United States of America, by its attorneys, Rod Rosenstein, United States Attorney for the District of Maryland, and Stefan D. Cassella, Assistant U.S. Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

## NATURE OF THE ACTION

1. This is a civil forfeiture action against U.S. currency involved in violations of 31 U.S.C § 5313 and related regulations, which is subject to forfeiture under 31 U.S.C. § 5317(c)(2).

## THE DEFENDANTS IN REM

2. The defendant is $560,00.00 in U.S. Currency that was transferred to M&T Bank by Deanna Bailey, a bank customer, at various times in 2011-13 in exchange for $100 bills.

## JURISDICTION AND VENUE

3. Plaintiff brings this action *in rem* in its own right to forfeit and condemn the defendant property. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, over an action for forfeiture under 28 U.S.C. § 1355(a), and over this

particular action under 31 U.S.C. § 5317(c)(2).

4. This Court has *in rem* jurisdiction over the defendant property under 28 U.S.C. 1355(b). Upon the filing of this complaint, the plaintiff requests that the Court issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b), which the plaintiff will execute upon the property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

5. Venue is proper in this district pursuant to 28 U.S.C. §1355(b)(1), because the acts or omissions giving rise to the forfeiture occurred in this district and pursuant to 28 U.S.C. § 1395 because the property is located in this district.

## BASIS FOR FORFEITURE

6. The defendant currency is, or is traceable to, currency that was involved in currency transactions that occurred at M&T Bank in amounts in excess of $10,000 but which were not reported in Currency Transaction Reports as required by law. Accordingly, the defendant currency is subject to forfeiture pursuant to 31 U.S.C. § 5317(c)(2) because it was involved in multiple violations of 31 U.S.C. § 5313 and related regulations, which require that a financial institution file a Currency Transaction Report on any monetary transaction involving more than $10,000 in U.S. Currency.

## FACTS

7. M&T Bank is a financial institution subject to the requirements of 31 U.S.C. § 5311-32 and the regulations promulgated thereunder.

8. Title 31, United States Code, Section 5313, and 31 C.F.R. §§ 1010.311 and 1010.306(a) require that a financial institution that engages in a currency transaction involving more than $10,000 in U.S. Currency must file a report of the transaction with the Internal Revenue Service.

9. Until May 2013, Sabrina Nicole Fitts was employed as the head teller at the M&T Bank Branch located at 8200 Harford Road, Baltimore, MD 21234.

10. On April 18, 2013, Sabrina Fitts engaged in a conversation with Deanna Bailey arranging to exchange $100,000 in small denomination bills for $100 bills. The conversation was recorded pursuant to a judicially-authorized surveillance order.

11. On the same day, Bailey entered M&T Bank with a backpack containing $100,000 in small denomination bills, which she exchanged with Sabrina Fitts for $99,000 in $100 bills. Bailey allowed Fitts to retain $1,000 as her fee for making the exchange without filing a Currency Transaction Report.

12. M&T Bank was required by law to file a Currency Transaction Report on the exchange of the currency but failed to do so.

13. Sabrina Fitts was subsequently arrested and pled guilty in Criminal Case No. 13-cr-0302-JKB to causing a financial institution to fail to file a Currency Transaction Report on a transaction involving more than $10,000 in U.S. Currency, as required by 31 C.F.R. § 1010.311 and 1010.306(a), and 31 U.S.C. § 5313, in violation of 31 U.S.C. § 5324(a)(1) and (d)(2).

14. In her guilty plea, Fitts admitted that her violation was not an isolated incident but was part of a pattern of illegal activity. Specifically, Fitts admitted that Deanna Bailey came to M&T Bank on at least eight occasions between 2011 and 2013 and asked Fitts to convert small denomination bills to $100 bills and that the transaction that occurred on April 18, 2013 was the last of that series of transactions. Fitts admitted that on each occasion she converted the bills without filing or causing anyone else at M&T Bank to file a Currency Transaction Report, as the bank was required by law to do.

15. Fitts also admitted that she received a one-percent fee for her role in the transaction. In subsequent interviews with law enforcement agents, Fitts admitted that all together she had received at least $5,000 in such fees, and that the total amount of currency that she converted to $100 bills for Deanna Bailey was at least $560,000.

16. M&T Bank has acknowledged that the defendant currency is traceable to the $560,000 that was the subject of the unreported currency transactions conducted by Sabrina Fitts and Deanna Bailey at M&T Bank

WHEREFORE, the plaintiff prays that all persons who reasonably appear to be potential claimants with interests in the defendant property be cited to appear herein and answer the complaint; that the defendant property be forfeited and condemned to the United States of America; that upon Final Decree of Forfeiture, the United States Marshal dispose of the defendant property according to law; and that the plaintiff have such other and further relief as this Court deems proper and just.

Dated:   February 10, 2014

Respectfully submitted,

Rod J. Rosenstein
United States Attorney

By: _____
Stefan D. Cassella
Assistant United States Attorney
36 South Charles Street
Fourth Floor
Baltimore, Maryland 21201
(410) 209-4800

### VERIFICATION

I, Jason Sutton, declare under penalty of perjury as provided by 28 U.S.C. ' 1746, that everything set forth in the foregoing Complaint for Forfeiture *in rem* is true and correct to the best of my knowledge and belief.

Jason Sutton
Detective, Baltimore County Police Department